W. H. PITTHAN, Respondent, v. MARY SCHAITH-
MAN, Administratrix, etc., Appellant.

**Kansas City Court of Appeals, December 2, 1907.**

1. ADMINISTRATION: Demand: Evidence. The rule in relation
to the evidence to establish demands against an estate is that
the very best evidence obtainable should be introduced by the
claimant so as to best disclose the truth.

2. ———: ———: ———. Evidence relating to the loaning of
certain money by the claimant to the deceased is reviewed and
held sufficient to sustain a finding of the trial court that the
transaction was a loan and not the payment of a debt by the
claimant.

3. TRIAL PRACTICE: Evidence: Demurrer. A demurrer to the
evidence admits every fact the evidence tends to prove and
the court must make every inference in favor of the party of-
fering the evidence which a jury might do with propriety.

Appeal from Putnam Circuit Court.—*Hon. George W.
Wanamaker,* Judge.

AFFIRMED.

*C. F. Strop* and *Eugene Silverman* for appellant.

(1) The evidence is insufficient to sustain the judg-
ment. Evidence of the payment of money to another
without more does not establish a loan. Dickey v.
Dickey, 45 Pac. 228. (2) Public policy requires that
claims against the estates of deceased persons should be
established by very satisfactory evidence, and if any
matter required to be pleaded and proved in a like ac-
tion between living persons is left vague and uncertain
by the evidence, the claim should be rejected. Benne v.
Benne's Executors, 56 Mo. App. 504; Walbaum v. Hean-
ey, 93 N. Y. Supp. 640; Van Slooten v. Wheeler, 140 N.
Y. 624; Linden v. Theriot, 94 N. Y. Supp. 246; Leach v.
Kendall's adm., 76 Ky. (13 Bush.) 424; Leigh v. Wil-
liams, 41 S. W. 323.

*Rusk & Stringfellow* for respondent.

(1) The court has no right to balance inferences. Whether the facts are disputed or undisputed, if different minds might honestly draw different conclusions. from them, the case should be left to the jury. McLain v. Railway, 100 Mo. App. 374; Mosby v. Commission Co., 91 Mo. App. 500. Knapp v. Hanley, 108 Mo. App. 360; Holman v. Pinto Creek, 102 Mo. App. 423; Montgomery v. Railroad, 181 Mo. 504; Butts v. Bank, 99 Mo. App. 168; Brooks v. Railroad, 98 Mo. App. 166. (2) A prima-facie case is made whenever, from the facts in evidence, a reasonable inference may be drawn to substantiate plaintiff's claim. Tapley v. Herman, 95 Mo. App. 545; Root v. Railway, 195 Mo. 348; Baxter v. Transit Co., 103 Mo. App. 597; Evidence may be substantial, though slight and inferential. Knapp v. Hanley, 108 Mo. App. 360; Haycraft v. Grigsby, 88 Mo. App. 354.

BROADDUS, P. J.—The action was instituted in the probate court where the plaintiff filed his claim against the estate of the deceased for the sum of $300. The claim was allowed by the probate court and the administratrix appealed to the circuit court, where the plaintiff again obtained judgment from which the administratrix appealed to this court.

The plaintiff seeks to have allowed against the estate of Oscar Schnaitman said sum of $300 purporting to be for money loaned to the partnership of Schnaitman & Erath of which deceased was a member. A jury was waived and the cause was tried by the court. The testimony introduced by the plaintiff was that on the day the loan is alleged to have been made Erath the partner of deceased said to him that he needed some money with which to cash checks and that deceased replied that he would get it; that, together with the porter employed by the partnership the deceased went to plaintiff's place of business and plaintiff gave him the money. The plain-

tiff and also the deceased and Erath were engaged in the saloon business. It was not shown that any note was given for the sum, no book accounts or ledger entry, or other evidence of that description of indebtedness was produced showing the character of the transaction. In the course of the opinion more particular reference to the testimony will be made. At the close of plaintiff's testimony the defendant offered a demurrer to the evidence which was by the court overruled. The defendant introduced no testimony. Finding and judgment were for the plaintiff. Therefore the only question before this court is whether upon the evidence so introduced the plaintiff was entitled to recover.

It is the contention of defendant that the mere reception by the deceased of the $300.00 is no evidence of a loan more than the payment of an indebtedness and was not sufficient to authorize any finding in favor of plaintiff. In the first place it is contended before a claim should be allowed against the estate of a deceased person "very satisfactory evidence" should be produced of its justness. We do not know that the rule of law in such cases would be different materially from that prevailing in ordinary civil cases. The rule that should prevail is, that the very best evidence obtainable should be introduced by the claimant, against the estate of the deceased person, for in all instances by reason of the death of one party the lips of the other are closed and thus the plaintiff is deprived of the benefit of his own testimony as well as that of deceased. It is true fraudulent claims may and no doubt sometimes are allowed against the estate of deceased person. But we do not think that on account of such a condition any particular rule could with safety be adopted other than that which prevails in ordinary civil cases which is to require such evidence as will best disclose the truth.

The point however, relied upon by appellant is that there was no evidence of a loan by plaintiff to deceased.

Particularly referring to the evidence of Erath that on being asked, what he knew about plaintiff's claim answered: "Well, I know the money was gotten, and I know I cashed checks with the amount." And further, he says: "We run out of money, so Oscar—I says to Oscar, I says, 'You had better get some more money.' Oscar answered: "Well, I will take the nigger with me and I will go up to Pitthan's and I will send you down some money. How much do you think you will need?' I said 'I think about $300 will be enough.' He then said 'All right, I will send it down.'" What took place at Pitthan's saloon is stated by a witness by the name of Dowell and is as follows: "Me and Mr. Pitthan was talking in the evening and Mr. Schnaitman came in to the bar and says: 'Pitt I want $300.' Pitt says, 'All right, Oscar,' and Pitt counted him out $300 and gave it to him." The defendant to sustain his contention relies on Dickey v. Dickey, 45 Pac. 228, where it is held: "Evidence of the giving of a check by a claimant to a decedent, and that the latter collected it, does not, of itself, prove a loan to decedent, nor establish a claim against his estate." But where one person who has an urgent need of money for present use leaves his place of business and goes into the place of business of another and says to him, "I want $300," the inference is stronger that he wants a loan than that he is demanding payment of debt; otherwise it would have been natural for him to have said to his debtor that he would like to have his debt paid as he had use for the money. No evidence of indebtedness was seen by the witness, none surrendered and none mentioned. If there had been such it is reasonable to suppose something would have been said or done with reference to it. But if on the other hand the plaintiff had delivered a check of $300 nothing said or further done, the most legitimate inference to be drawn from such a transaction would have been that it was a payment of existing indebtedness. It became a ques-

tion under all the facts and circumstances connected with the transaction whether it was a loan or a payment of indebtedness. While the single circumstances connected with the immediate delivery of the money by plaintiff to deceased standing alone might have little probative force, but taken in connection with all the other facts and circumstances the whole may supply on the principle of induction the presumption of the fact that the transaction was a loan and this was a matter within the exclusive province of the court sitting as a jury.

And it is a rule of practice in this State that a demurrer to the evidence requires a reasonable inference from the fact and circumstances in evidence to be made in favor of the opposite party. [Knapp v. Hanley, 108 Mo. App. 360.] And it is said in 181 Mo. 504, Montgomery v. Railroad: "It is axiomatic that a demurrer to evidence admits the fact the evidence tends to prove, and in passing upon it the court is required to make every inference of fact in favor of the party offering the evidence which a jury might, with propriety have inferred in his favor, and if when viewed in this light it is sufficient to support a verdict in his favor, the demurrer should be overruled."

We cannot divest ourselves of the conclusion that there was at least some evidence upon which the court was authorized to render its finding and such being the case we do not feel authorized to interfere with it. Affirmed. All concur.